# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BARBARA PENAROQUE and
ANTONIO PENAROQUE,

        Plaintiffs,

v.                                Case No:   6:25-cv-1543-PGB-LHP

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY and
DANIEL TORRES,

        Defendants

## ORDER

This cause comes before the Court on several discovery matters. First, Plaintiffs have filed a Motion for Protective Order Concerning Scope of Update Depositions. Doc. No. 50. Defendant Allstate Fire and Casualty Insurance Company ("Allstate") responds in opposition. Doc. No. 53. Second, and relatedly, Allstate has filed a Motion to Compel Depositions and for Sanctions, Doc. No. 52, to which Plaintiffs respond in opposition, Doc. No. 55. Third, Allstate has filed a Motion to Compel Production and Motion for Sanctions. Doc. No. 51. Plaintiff responds in opposition. Doc. No. 54.

Upon consideration, each of these motions relate to discovery that began in state court. The first two motions, which relate to Plaintiffs' depositions, both state that Plaintiffs' depositions occurred in state court prior to removal (on November 14, 2024), and the dispute concerns whether Plaintiffs may be re-deposed here on topics covered in that deposition as well as information that was discovered thereafter. Doc. Nos. 50, 52. The third motion concerns Allstate's claim that Plaintiffs failed to comply with discovery served in state court some time in 2023,[1] and Allstate's request for sanctions therefor. Doc. No. 51.

"[T]he majority of the courts that have addressed the issue of the effectiveness of state court discovery after removal to federal court hold that the state court discovery 'becomes null and ineffective upon removal' by operation of the requirement in Rule 26(d) that the parties confer about a discovery plan before conducting discovery." *Map & Globe, LLC v. Hartford Fire Ins. Co.*, No. 6:20-cv-1584-Orl-40GJK, 2020 WL 6887934, at *1 (M.D. Fla. Sept. 18, 2020) (collecting cases); *see also, e.g.*, *Atwell v. Oliveras*, No. 6:24-cv-2060-CEM-RMN, 2025 WL 1167834, at *1 (M.D. Fla. Apr. 22, 2025); *Woods v. Waste Pro USA, Inc.*, No. 5:20-cv-144-AW-MJF, 2021 WL 4125889, at *2 (N.D. Fla. Feb. 4, 2021). The parties do not address this

---

[1] In contravention of the requirements of the Standing Order on Discovery Motions, Allstate fails to attach the actual discovery requests to the motion, and only includes Plaintiffs' responses, served on November 6, 2023. *See* Doc. No. 51, at 17–22. *See also* Doc. No. 32 ¶ 3.

issue in their filings, do not explain whether Federal Rule of Civil Procedure 30 would apply to limit depositions here given the prior depositions in state court, and do not explain how sanctions for alleged non-compliance with discovery served in 2023 in state court would warrant the imposition of sanctions in this Court.  *See* Doc. Nos. 50–55.  Accordingly, the Court will require supplemental briefing from the parties on these issues.

It is therefore **ORDERED** that within **fourteen (14) days** of the date of this Order, the parties shall each file a supplemental brief, not to exceed **seven (7) pages** in length respectively, addressing, **by citation to legal authority**, the following:

1. Whether Federal Rule of Civil Procedure 30(a)(2)(A)(ii) operates to limit depositions in this Court where the same deponent was already deposed in state court prior to the removal of the case to federal court.[2]

2. Whether compelling production of documents and/or sanctions is appropriate based on written discovery served and answered in state court, particularly where the motion to compel/for sanctions is filed in federal court over two years after said discovery was served.

---

[2] To the extent that Rule 30(a)(2)(A)(ii) does apply, and thus the depositions in this Court may proceed only upon stipulation or leave of Court, the parties may also address, by citation to legal authority, whether they actually stipulated to the second depositions, given the parties' dispute on the scope of that stipulation.

Alternatively, of course, the parties may withdraw any of these motions as they deem appropriate. The parties are reminded of their obligation to continue to confer regarding these disputes and must notify the Court if they resolve the motions in whole or in part. *See* Doc. No. 32 ¶ 8.

**DONE** and **ORDERED** in Orlando, Florida on December 4, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record